Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| RICARDO HERNÁNDEZ ROSSY<br><br>Demandante-Recurrido<br><br>Vs.<br><br>BRIDGE SECURITY SERVICES, INC. Y OTROS<br><br>Demandado-Peticionario | KLCE202400041 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2020CV03447<br><br>Sala: 505<br><br>Sobre: Daños y otros |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece la parte peticionaria, Universidad de Puerto Rico (en adelante, "parte peticionaria" o "Universidad"), para solicitarnos que se revise y revoque la determinación emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "TPI" o "Foro Recurrido") durante la vista de conferencia con Antelación al Juicio, la cual se recoge en la *Minuta* que fue registrada el 21 de noviembre de 2023 y notificada el 13 de diciembre de 2023.[1]

La parte recurrida, el señor Ricardo Hernández Sierra (en adelante, "parte recurrida" o "Sr. Hernández Sierra"), compareció mediante *Oposición a Escrito de Certiorari y en Solicitud de Desestimación al Amparo de la Regla 40 del Reglamento de este Honorable Tribunal*.

Por los fundamentos que expondremos a continuación, se expide el auto solicitado y se revoca la determinación recurrida.

---

[1] Apéndice del recurso, Págs. 349-352.

**I.**

La *Demanda* en el caso de epígrafe fue radicada el 2 de noviembre de 2020, al amparo del procedimiento sumario provisto por la Ley Núm. 2 de 17 de octubre 1961, según enmendada, conocida como la "Ley de Procedimiento Sumario de Reclamaciones Laborales" alegando discrimen, represalias, salarios, difamación, así como daños y perjuicios, en contra de Bridge Security Services (en adelante, Bridge) y la Universidad de Puerto Rico.[2]

Bridge presentó su *Contestación a la Querella* el 16 de noviembre de 2020.[3] El 7 de enero de 2021, la Universidad compareció mediante *Moción de Desestimación y/o Solicitud de Conversión al Trámite Ordinario.*[4] Luego de varios trámites interlocutorios, el 1 de julio de 2022, notificada el 5 de julio del mismo año, el TPI dictó *Sentencia Parcial* en la cual desestimó la causa de acción de discrimen contra la Universidad y convirtió el pleito al trámite ordinario, en cuanto al resto de las causas de acción.[5]

El 20 de septiembre de 2022, la Universidad presentó *Contestación a Demanda.*[6] El 17 de agosto de 2022, se celebró la *Conferencia Inicial.* Durante la misma, se pautó el calendario del descubrimiento de prueba en el caso y se señaló Conferencia de Estado de los Procedimientos para el 17 de noviembre de 2022, disponiéndose que para dicho señalamiento debería estar todo el descubrimiento de prueba escrito y contestado y atendidas las objeciones, si alguna.[7] Asimismo, se advirtió que se calendarizarán las deposiciones, la prueba pericial de la parte demandada y la tramitación de mociones dispositivas.

---

[2] Apéndice del recurso, Págs. 1-7.
[3] Apéndice del recurso, Págs. 8-17.
[4] Apéndice del recurso, Págs. 18-26.
[5] Apéndice del recurso, Págs. 42-45.
[6] Apéndice del recurso, Págs. 46-58.
[7] Apéndice del recurso, Págs. 65-66.

El 17 de noviembre de 2022, se celebró la *Conferencia sobre el Estado de los Procedimientos.* Durante la conferencia, las partes informaron que aún existían mecanismos de descubrimiento de prueba pendientes, por lo que el TPI procedió a establecer un nuevo calendario a esos efectos.[8] El 13 de diciembre de 2022, se celebró otra vista sobre el estado de los procedimientos. En la misma, las partes informaron que se habían intercambiado contestaciones e interrogatorios y producido documentos, pero que existían objeciones por parte de la peticionaria a las contestaciones brindadas por la parte recurrida. El Tribunal manifestó que ante las objeciones presentadas procedía que los abogados agotaran primero el mecanismo de la Regla 34.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.1. Se advirtió que, de persistir las controversias, se debían plantear y que el Tribunal resolvería. Así pues, se estableció el 24 de febrero de 203 como fecha última en la cual debían reunirse las partes y discutir las objeciones. De no resolver las objeciones, las partes tendrían hasta el 10 de marzo de 2023 para solicitar la intervención del Tribunal.[9] A la luz de lo anterior, se señaló una nueva conferencia de estado de los procedimientos para el 19 de mayo de 2023.

El 10 de marzo de 2023, la Universidad presentó Moción para compeler contestaciones al descubrimiento de prueba de conformidad con la Regla 34.2 de Procedimiento Civil.[10] El 13 de marzo de 2023, el TPI ordenó a la parte recurrida a expresarse y ésta solicitó prórroga hasta el 23 de abril de 2023. Entretanto, el 19 de mayo de 2023, se celebró *Vista de Estado de los Procedimientos.* No habiendo cumplido con los términos y prórrogas para contestar las objeciones, el TPI le concedió a la parte recurrida hasta el 2 de mayo

---

[8] Apéndice del recurso, Págs. 67-70.
[9] Apéndice del recurso, Págs. 71-73.
[10] Apéndice del recurso, Págs. 100-162.

de 2023 para enviar las mismas. En esta vista se calendarizó una deposición para el 18 de julio de 2023 y el foro recurrido estableció el 29 de septiembre de 2023 como fecha para la culminación del descubrimiento de prueba.[11]

Surge del legajo apelativo que el 12 de julio de 2023, la Universidad envió un correo electrónico a la parte recurrida indicándole que aún no había recibido las contestaciones a las objeciones. El 13 de julio de 2023, la parte recurrida contestó el correo electrónico y pidió hasta el 26 de julio para enviarlas.[12] Ese mismo día, se le indicó que debía recalendarizarse la deposición y que no se escogería fecha hasta tanto se entregaran las contestaciones. Las contestaciones a las objeciones y producción sumplentaria de la parte recurrida fueron remitidas a la parte peticionaria el 28 de julio de 2023. El 15 de septiembre de 2023, la parte peticionaria envió un correo electrónico a la parte recurrida solicitándole que enviara nuevamente las contestaciones a las objeciones, ya que el correo electrónico que había enviado el 28 de julio de 2023, contenía unos enlaces que no se podían abrir. Se le indicó también que el licenciado Varandela tampoco tenía acceso a dichos enlaces.[13] Finalmente, las contestaciones a las objeciones fueron enviadas nuevamente el 20 de septiembre de 2023.[14]

El 16 de octubre de 2023, la parte peticionaria presentó *Moción para que se Convirtiera Conferencia con Antelación al Juicio en Vista de estado de los Procedimientos.*[15] El 17 de octubre de 2023, la parte recurrida presentó *Oposición a Conversión.*[16] El 17 de octubre de 2023, el TPI denegó la solicitud presentada por la Universidad y aclaró que "conforme a orden del Tribunal el

---

[11] Apéndice del recurso, Págs. 199-201.
[12] Apéndice del recurso, Págs. 204-206.
[13] Apéndice del recurso, Págs. 211-212.
[14] Apéndice del recurso, Págs. 213-215.
[15] Apéndice del recurso, Págs. 216-218.
[16] Apéndice del recurso, Págs. 219-220.

descubrimiento de prueba debió concluir el 29 de septiembre de 2023 y no se solicitó oportunamente alguna extensión en la cual se demostrara justa causa para ello".[17] El 24 de octubre de 2023, la Universidad presentó Moción de Reconsideración y aludió a todo el trámite procesal suscitado como parte del descubrimiento de prueba. El 6 de noviembre de 2023, la parte recurrida presentó *Oposición a Moción de Reconsideración*. Ese mismo día y notificada el 7 de noviembre de 2021, el TPI emitió una *Resolución* declarando "No Ha Lugar" la solicitud de reconsideración.[18]

El 7 de noviembre de 2023, las partes presentaron *Informe Preliminar entre Abogados*. La parte peticionaria indicó en el acápite XIV del escrito que debido a que la solicitud de reconsideración para extender el descubrimiento de prueba fue denegada, habría de presentar una moción de sentencia sumaria para solicitar la desestimación de todas y cada una de las causas de acción presentadas en su contra.[19]

El 8 de noviembre de 2023, se celebró la *Conferencia con Antelación al Juicio*. Tras la discusión y aprobación del *Informe Preliminar entre Abogados*, la Universidad reiteró su intención de presentar una moción de sentencia sumaria para solicitar la desestimación de las causas de acción instadas. Evaluadas las posturas de las partes, el TPI denegó la solicitud de la parte peticionaria. Inconforme con tal determinación, el 7 de diciembre de 2023 se presentó ante el Tribunal de Apelaciones el recurso núm. KLCE202301384. El 12 de diciembre de 2023 y notificada el 13 del mismo mes y año, este foro apelativo intermedio desestimó la solicitud de *Certiorari* porque la minuta en la que se incluyó dicha

---

[17] Apéndice del recurso, Págs. 222-223.
[18] Apéndice del recurso, Págs. 224-238.
[19] Apéndice del recurso, Págs. 239-297.

determinación no estaba formada. Sobre dicha *Sentencia* se solicitó reconsideración que fue declarada No Ha Lugar.[20]

El 13 de diciembre de 2023, la parte peticionaria presentó ante el TPI *Urgente Moción para que se Expida Minuta Firmada por la Honorable Juez* y en esa misma fecha el TPI notificó la Minuta, debidamente firmada.[21]

Inconforme con el dictamen del TPI de no permitir la presentación de una moción de sentencia sumaria, el 11 de enero de 2024, la parte peticionaria presentó el auto *Certiorari* ante nos, donde le imputó al foro recurrido el siguiente señalamiento de error:

> ERRÓ EL TPI E INCURRIÓ EN ABUSO DE DISCRECIÓN AL DENEGAR LA PRESENTACIÓN DE MOCIÓN DE SENTENCIA SUMARIA, POR HABER TRANSCURRIDO EL TÉRMINO PARA PRESENTAR LA MISMA, SIN INDICAR NI SOPESAR EL HECHO DE QUE LA PRESENTACIÓN DE LA MISMA INTERRUMPIA EL CALENDARIO DEL CASO.

Examinado el recurso en su totalidad y con la comparecencia de las partes, procedemos a establecer el derecho aplicable y resolver.

## II.

### -A-

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1., establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de resoluciones y órdenes interlocutorias dictadas por el TPI. *Mun. de Caguas v. JRO Construction Inc.*, 201 DPR 703, 709 (2019). En lo pertinente, la Regla 52.1, *supra,* dispone lo siguiente:

---

[20] Apéndice del recurso, Págs. 298-347.
[21] Apéndice del recurso, Págs. 347-352.

El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

La discreción del tribunal revisor no debe abstraerse del resto del Derecho, y por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. *IG Builders et al. v. BBVAPR*, *supra*, 338. Así pues, la discreción judicial para expedir o no el auto de *certiorari* no ocurre en un vacío ni en ausencia de parámetros. *Id.* Cónsono con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40., orienta la función del tribunal intermedio para ejercer sabiamente su facultad discrecional y establece los criterios que debe considerar al determinar si procede o no expedir un auto de *certiorari. IG Builders et al. v. BBVAPR*, *supra*, págs. 338-339. La referida regla dispone lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cabe precisar que el recurso de *certiorari* es un recurso extraordinario discrecional que debe ser utilizado con cautela y solamente por razones de peso. *Pueblo v. Díaz De León*, 176 DPR 913, 918 (2009). Es por ello que los tribunales revisores deben limitarse a aquellos casos en que la ley no provee un remedio adecuado para corregir el error señalado. *Id.* Nuestro ordenamiento jurídico ha establecido que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022).

**-B-**

La sentencia sumaria es un mecanismo procesal que provee nuestro ordenamiento para propiciar la solución justa, rápida y económica de controversias en las cuales resulta innecesario celebrar un juicio plenario. *Meléndez González et al. v. M. Cuebas,* 193 DPR 100 (2015). Este sistema claramente agiliza la labor de los jueces de instancia. Debido a que, su función es permitir que en litigios de naturaleza civil una parte pueda mostrar previo al juicio

que, tras las partes contar con la evidencia que ha sido debidamente descubierta, no existe una controversia material de hecho que deba ser dirimida en un juicio plenario y que, por tanto, el tribunal está en posición de aquilatar esa evidencia para disponer del caso ante sí. *Rodríguez Méndez, et al. v. Laser Eye*, 195 DPR 769 (2016).

La doctrina considera que el uso apropiado de este recurso contribuye a descongestionar los calendarios judiciales, fomentando así los principios de celeridad y economía procesal que gobiernan nuestro ordenamiento. *Vera v. Dr. Bravo*, 161 DPR 308, 331-332 (2004). El mecanismo de la sentencia sumaria está regido por la Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. V R. 36. Esta Regla dispone que la solicitud de sentencia sumaria puede ser presentada por cualquiera de las partes que solicite un remedio por medio de una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. Así pues, este mecanismo únicamente se concederá en casos claros, cuando el tribunal tenga ante sí la verdad de todos los hechos esenciales alegados en la demanda, restando sólo por disponer las controversias de derecho existentes. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 911-912 (1994). **Cabe destacar que las Reglas 36.1 y 36.2 de Procedimiento Civil, 32 LPRA Ap. V, R.36.1 y 36.2, establecen que la moción de sentencia sumaria podrá presentarse no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para el descubrimiento de prueba.**

### III.

En el caso de autos, la parte peticionaria alega que el TPI erró al denegar la presentación de la moción de sentencia sumaria. Aduce que, el foro primario abusó de su discreción al no dejar

presentar la moción dispositiva sin indicar ni sopesar el hecho de que la presentación de esta no interrumpía el calendario del caso. Un examen del expediente del caso nos lleva a concluir que el TPI erró en su decisión.

El mecanismo de sentencia sumaria, como bien explicamos anteriormente, es un remedio que busca favorecer de manera más pronta y justa un pleito que carece de controversias genuinas sobre hechos materiales. "Su utilidad como vehículo para agilizar los procesos judiciales resulta indiscutible". *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 430 (2013). De igual manera, "[l]a sentencia sumaria es un valioso instrumento procesal para descongestionar los calendarios judiciales". *Lugo Montalvo V. Sol Meliá Vacation,* 194 DPR 209, 223 (2015) citando a *Ramos Pérez v. Univisión,* 178 DPR 200, 220-221 (2010).

Es sabido que, la Regla 36.2 de Procedimiento Civil, *supra,* dispone que la moción de sentencia sumaria de la parte demandada debe presentarse en el término de treinta (30) días a partir de culminado el descubrimiento de prueba en el caso, sin embargo, dicho término no es jurisdiccional. Es norma conocida que un término jurisdiccional es "fatal, improrrogable e insubsanable, rasgos que explican por qué no puede acortarse, como tampoco es susceptible de extenderse". *Insular Highway v. A.I.I. Co.,* 174 DPR 793, 805 (2008). **Por lo tanto, al no ser de carácter fatal el término para presentar la moción de sentencia sumaria y al TPI tener amplia discreción para manejar los casos, el foro primario cuenta con la facultad para atender dichas mociones luego del término dispuesto por la Regla 36.2 de Procedimiento Civil,** ***supra.*** Por otra parte, recordemos que la presentación tardía de una moción de sentencia sumaria no justifica, por sí solo, su automática denegatoria, ya que el uso de este mecanismo procede sólo ante la

ausencia de controversia real sustancial en cuanto a algún hecho esencial y pertinente.

En el caso ante nos, la solicitud o anuncio que la parte peticionaria expresó sobre el deseo de presentar una moción sentencia sumaria se hizo al día siguiente de haberse resuelto la *Moción de Reconsideración,* la cual discutía si se extendía o no el proceso de descubrimiento de prueba. Por tanto, la controversia de si el 29 de septiembre de 2023 había acabado el descubrimiento de prueba estaba latente, en lo que el TPI respecta. Tan es así, que mediante el recurso KLCE202301384, se pidió la revocación de la determinación de que el descubrimiento de prueba había concluido. Como resultado de las mociones presentadas por las partes, la determinación final fue notificada el 7 de noviembre de 2023. Así pues, es desde esa fecha que tenía que empezar a transcurrir los treinta (30) días que ordena la Regla 36.2 de Procedimiento Civil, *supra.*

De igual forma, el juicio en su fondo estaba pautado para junio de 2024. El TPI tenía un periodo razonable de siete (7) meses para resolver la moción de sentencia sumaria. No vemos impedimento alguno por el cual no pudieron permitirle a la parte peticionaria presentar dicha moción. Convertir el término impuesto por la Regla 36.2 de Procedimiento Civil, *supra,* en jurisdiccional y declarar *No Ha Lugar* la solicitud de término para presentar la moción dispositiva, era obviar circunstancias pertinentes del caso.

Colegimos que, la parte recurrida atrasó el periodo de descubrimiento de prueba, resultando en que, la parte peticionaria, quedara sin recursos para su adecuada defensa y sin la oportunidad de presentar alguna alegación en torno a la falta de controversia sobre los hechos medulares del caso. **Ciertamente, la intención de presentar la moción de sentencia sumaria por la UPR iba dirigida a la desestimación de las alegaciones en contra de esta.**

**El *foro a quo* debe evaluar el contenido de la misma, toda vez que, de ser presentada la moción procedente en derecho, la UPR podría tener posibilidad de prevalecer en las otras causas de acción tal y como ocurrió con la causal de discrimen.**

Adicionalmente, el TPI no tomó en consideración el hecho de que, no era un caso que se estaba tramitando bajo un procedimiento sumario de reclamaciones laborales al amparo de la Ley Núm. 2 de 17 de octubre de 1971, mejor conocida como "Ley de Procedimientos Sumario de Reclamaciones Laborales". Por el contrario, nos encontramos ante un caso que incluye múltiples causas de acción, en el cual, desde junio de 2022, la causa de acción de discrimen contra la Universidad fue desestimada y el foro primario convirtió el pleito al trámite ordinario, en cuanto al resto de las causas.

Como hemos reiterado, la moción de sentencia sumaria tiene la bondad de evitar procesos extendidos y costosos, pudiendo el foro recurrido concluir el caso, o al menos limitar las controversias pertinentes a ser dirimidas en el juico en su fondo. En virtud de la economía procesal de los tribunales, indudablemente, dejar que la Universidad presente la moción de sentencia sumaria, evitaría un juicio prolongado, así como los gastos de tiempo y dinero que conlleva para las partes y el Tribunal.

## IV.

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, se expide el recurso de *certiorari* solicitado y se revoca la determinación recurrida. Se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Bayamón, para que así la parte peticionaria pueda presentar moción de sentencia sumaria.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones